```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

3 BROTHERS PLUMBING & HEATING, LLC,

                    Plaintiff,                    MEMORANDUM AND ORDER

            - against -                              23 Civ. 5483 (NRB)

JOSEPH DESILVA, DOREEN DESILVA, ALL
ABOUT MAINTENANCE, and SMASHBURGER
MASTER, LLC,

                    Defendants.

-----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


It is axiomatic that a plaintiff invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) must allege facts sufficient to establish that all plaintiffs possess state citizenship diverse from all defendants and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); see also Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553–54 (2005); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  With respect to limited liability companies, these entities are deemed to have the citizenship of each of their members.  See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000).

Plaintiff 3 Brothers Plumbing & Heating, LLC, a company providing plumbing, heating, and cooling services, has sued to

recover monies allegedly owed for services rendered to defendants Joseph Desilva, Doreen Desilva, (the "Desilvas" or the "individual defendants"), All About Maintenance, Inc. (together with the Desilvas, the "moving defendants"), and SmashBurger Master, LLC ("SmashBurger LLC").  See ECF No. 20 ("FAC").  Plaintiff relies on an assertion of diversity jurisdiction as the basis for subject matter jurisdiction.  See ECF No. 5.  However, despite numerous opportunities to provide this information and guidance from the Court, plaintiff has yet to plead its own citizenship or that of defendant SmashBurger LLC.[1]

Some background is in order.  To begin, the operative complaint before the Court is plaintiff's third complaint related to this dispute.  This is of particular significance because of the shifting allegations related to the Court's jurisdiction.  Plaintiff originally filed a substantially similar complaint against the same defendants before Judge Woods stating that venue was proper in Kings County "as it is the principal place of business and domicile for plaintiff."[2]  3 Brothers Plumbing & Heating, LLC v. Desilva et al., No. 23 Civ. 4044 (GHW), ECF No. 1 ¶ 6.  Plaintiff then refiled its

---

[1] There is no dispute that the Desilvas and All About Maintenance, Inc. are citizens of Florida and service on the moving defendants is not at issue.

[2] Based on plaintiff's allegation, Judge Woods transferred the case to the Eastern District of New York after plaintiff failed to respond to an Order to Show Cause addressing venue.  Following the transfer, plaintiff voluntarily dismissed that case.  See 3 Brothers Plumbing & Heating, LLC v. Desilva et al., No. 23 Civ. 4044 (GHW), ECF No. 4-5; see also 3 Brothers Plumbing & Heating, LLC v. Desilva et al., No. 23 Civ. 3888 (NGG) (SJB), ECF Nos. 8-9.

case in this Court.  Its second complaint reiterated that venue was proper in Kings County.  ECF No. 1 ("Compl.") ¶ 6.  By the third version of the complaint, styled First Amended Complaint, plaintiff asserted that venue lay in New York County, plaintiff's domicile and principal place of business.  FAC ¶ 6.  However, all three versions of the complaint alleged that plaintiff is a "licensed <u>foreign</u> corporation, registered to do business in the [s]tate of New York" and has a "principal place of business in this state . . . at 209 E 110 St. New York, NY 10029."  Compl. ¶ 1 (emphasis added); FAC ¶ 1 (same).  Moreover, with respect to defendant SmashBurger LLC and relevant to the issue of diversity of citizenship, plaintiff asserts that it is "a duly incorporated entity with a principal place of business located . . . [in] Denver, [Colorado]," but saying nothing of the citizenship of its members.  FAC ¶ 5.  Plaintiff served the Summons and Complaint on this defendant by serving the Secretary of State of New York and mailing a copy of those documents to an address in New Jersey.  <u>See</u> ECF No. 10 at 3.

Plaintiff had a number of opportunities to address the jurisdictional issues that are fatal to its case.  Initially, the moving defendants filed a pre-motion letter seeking leave to file a motion to dismiss arguing, among other things, that the complaint had no allegations supporting personal jurisdiction, which plaintiff opposed.  ECF Nos. 11-12.  This Court held a conference with the parties on September 13, 2023, during which it expressly

3

stated that the complaint did not contain basic allegations such as the contracts at issue, where services where performed, or even allegations sufficient to show that the Court had subject matter jurisdiction. The Court also directed plaintiff to file an amended complaint. After plaintiff filed its amended complaint, the moving defendants renewed their request to file their motion to dismiss, which leave was granted when plaintiff failed to respond. ECF Nos. 21-22. The motion was filed by the defendants on January 7, 2024 and fully briefed by February 8, 2024. See ECF Nos. 23-32.

While the motion was pending, the Court requested additional information from the parties regarding the citizenship of each of the entity-parties to this lawsuit in the form of affidavits. ECF No. 33. The Court noted that the operative complaint and the motion papers failed to "adequately describe the citizenship of the members" of the two limited liability companies that are parties to this dispute and outlined the legal standard for diversity jurisdiction. Id. Specifically, the Court highlighted that "[a] limited liability company is deemed to have the citizenship of each of its members." Id. (citing Bayerische Landesbank, N.Y. Branch, 692 F.3d at 49; Handelsman, 213 F.3d at 51–52). In response, the moving defendants submitted the affidavit of Joseph J. Haspel, moving defendants' counsel, attesting that All About Maintenance, Inc. is a Florida corporation. See ECF No. 34 ("First Haspel Affidavit") at ¶ 2. Further, counsel advised that, according to

filings with the Securities and Exchange Commission, SmashBurger LLC is a Colorado entity with 26 investors.  See id. at ¶ 4, Ex. B. Plaintiff submitted a second affidavit of Mr. Cha Cha stating that he is the sole member of plaintiff and reiterating the statement in the complaint that plaintiff is domiciled and has its principal place of business in New York, but failed to state Mr. Cha Cha's domicile.  See ECF No. 35 ("Second Cha Cha Affidavit").  Finally, the moving defendants submitted a second affidavit of Joseph J. Haspel attaching an entry from the New York Secretary of State Division of Corporations database that identifies plaintiff as a "Foreign LLC" with an address in Paterson, New Jersey.  See ECF No. 36 ("Second Haspel Affidavit), ¶ 2, 2.

Based on the submissions, plaintiff has still not supplied the information required to establish its own citizenship.  Despite the specific guidance from the Court, plaintiff avoided swearing to the citizenship of its apparent sole member despite the submission of two affidavits from Mr. Cha Cha and has submitted contradictory allegations regarding its citizenship.  Moreover, plaintiff has provided no information about the citizenship of the members of SmashBurger LLC.  This is of particular concern since plaintiff maintains that it served the original complaint in this action on SmashBurger LLC in New Jersey.  If SmashBurger LLC is a New Jersey

citizen and given the evidence that plaintiff may be a citizen of New Jersey as well,[3] those facts would destroy diversity.

Finally, although plaintiff cross-moved to amend its complaint and ordinarily leave to amend should be freely given, Fed. R. Civ. P. 15(a)(2), plaintiff's proposed Second Amended Complaint does not contain any allegations that solve the jurisdictional issues that exist and which plaintiff was given many opportunities to resolve. See ECF No. 31.  Thus, plaintiff's request is denied.

CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over this case and it must be dismissed.  The Clerk of Court is respectfully requested to terminate the motions pending at ECF Nos. 23 and 28 and close the case.

**SO ORDERED.**

Dated:     August 14, 2024
           New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[3] The evidence that plaintiff may be a New Jersey a citizen of New Jersey for the purposes of diversity jurisdiction include: (1) the various versions of the complaint stating that the plaintiff is a foreign corporation, see Compl. ¶ 1; FAC ¶ 1; (2) the New York Secretary of State database that lists plaintiff as a foreign corporation with an address in New Jersey, see Second Haspel Affidavit at 2; (3) a Google search for 3 Brothers Plumbing & Heating LLC returns a result with an address in Paterson, New Jersey and a phone number with a New Jersey area code, see 3 Brothers Heating & Heating LLC, Google.com, https://www.google.com/search?q=3+Brothers+Plumbing+%26+Heating+LLC  (last visited August 14, 2024); and (4) the address provided by plaintiff at 209 E 110 Street in New York appears to be a residential brownstone, see 209 East 110th Street, New York, NY, Google.com, https://www.google.com/search?q=209+East+110th+Street%2C+New+York%2C+NY  (last visited August 14, 2024).

6